ZIGMUND LOEW v. UNITED STATES

No. 4529.—Invoice dated Montreal, Canada, January 29, 1938.
           Certified January 31, 1938.
           Entered at Rouses Point, N. Y., January 31, 1938.
           Entry No. 2595.

(Order restoring case to next Rouses Point docket; February 24, 1939)

*John F. Kavanagh* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

KEEFE, Judge: This reappraisement covers a crayon assorting machine invoiced and entered at $200 and appraised at $472, resulting in an advance of 136 per centum in value.

The importer testified that he had invented this machine, which was about 2 feet square, and that it was the first machine made from the original model which he had constructed. The shipper and he had entered into a written agreement upon December 16, 1937 (Exhibit 1), wherein the manufacturer agreed to produce the device for $200. The motor that was shipped with the machine was not included in that price and was, in fact, one that he had previously purchased for about $6. Bills from the manufacturer to the importer were also admitted in evidence showing that $200 was the price to be paid for the machine and $1.55 charged for a city sales tax upon the cost of the material was also to be paid by the importer.

The Government called the acting appraiser, who testified that he appraised the merchandise upon the basis of the cost of production because there was no statutory foreign, export, or United States value for the machine. The basis of his appraisement was a report of a Treasury representative, showing cost of production. The appraiser adopted the figures in the report, excluded the item of city sales tax and added the value of the motor at $7.50, thus arriving at the appraised value of $472, as the cost of production of the machine. The appraiser admitted that he had taken the figures from the report without further investigating the books of the manufacturer to ascertain if they actually represented the cost of production, profits, etc.

The report of the Treasury representative, admitted in evidence as Exhibit 5, discloses that he visted the manufacturer, who showed him a statement of costs which had been estimated by the manufacturer on December 16, 1937, the day upon which he had entered into the agreement with the importer to manufacture the machine. In the aforesaid statement the labor was estimated at 305 hours upon the basis of $1.25 an hour, total $381.25; material steel, gears, bearings, etc., at a cost of $77.25; city tax of 2 per centum on $77.25, total $1.55; and cost of welding and cutting $6, making the total cost of fabrication $466.05. The report also showed that the manufacturer had advised the Treasury representative that the cost of labor in his factory varies from 50 cents to 75 cents per hour and that, in making up the estimate, the overhead, or general expenses, and the ordinary profit made by the firm were included in the estimated cost of labor. It was also shown by said report that the statement of costs was made up by the manufacturer for the purpose of showing the importer that he was receiving the machine at a good deal less than the actual cost of manufacturing the same.

From the evidence before me there is no doubt that the manufacturer agreed to produce the machine for $200, and that $200 was all that the importer was required to pay therefor, excepting an item of $1.55 for a city sales tax. This agreement was made on December 16, 1937, and the completed machine was shipped on January 29, 1938. It is clear that the cost of production basis used by the appraiser in ascertaining the value of the merchandise was a mere approximation, and that the actual cost of production of such or similar merchandise was not known at the time the estimate was compiled.

The importer contends that the appraisement is illegal and void because the appraiser failed to note upon the invoice that he had used the cost of production as his basis of appraisement, thus depriving the importer of an opportunity to challenge the alleged cost of production, and further that the value found as the cost of production fails to meet the statutory definition of cost of production as set forth in section 402 (f) of the Tariff Act of 1930, and therefore the appraisement is illegal and void.

Section 402 (f) of the Tariff Act of 1930, provides as follows:

(f) Cost of Production.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, *at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;*

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind. [Italics not quoted.]

It is quite clear that the value found by the appraiser does not represent the cost of materials, and of fabrication, manipulation, or other process employed in the manufacturing or producing of such merchandise, plus the usual general expenses, the cost of containers, and addition for profit, as provided by the statute. All that the appraiser had before him as to the cost of production were hearsay statements of the manufacturer. These statements were accepted by the special agent investigating the matter, when he was well aware that such estimations were not based upon facts. Here we have a machine which existed only in the mind of the inventor. It had never been previously manufactured. The cost of production of similar machines was not available. The cost of the labor to be expended in its production existed only in the mind of the manufacturer. Cost of production when used as a basis of finding the dutiable value of imported merchandise, as provided for in section 402 (f), *supra*, is to be founded upon facts gained through experience in the manufacture of such or similar materials, and an appraisement based upon an estimate, such as we have here, is clearly erroneous. As stated by counsel for the plaintiff, "the manufacturer could just have well made the cost One Thousand Dollars * * * or even as low as Twenty-five * * * Dollars by using what he claimed to be his own alleged costs of manufacture."

From the evidence I am also of the opinion that there is no foreign or export value or United States value for the merchandise, and that the proper basis of appraisement is the cost of production. The appraiser had before him all the elements necessary to make a valid appraisement under section 499. Therefore I find that the appraisement so made was merely erroneous and not illegal and void. I am also of the opinion that the appraisement is not void because the appraising officer failed to label his appraisement "cost of production." Noncompliance with a regulation of the Department providing that the appraiser shall designate what basis he used in appraising the merchandise would not affect the validity of the appraisement. Such a regulation affects merely the efficient administration of the law by customs officers.

Under the law, it is my duty to determine the value of the merchandise. The appraisement of the local appraiser is clearly errone-

ous. The importer, not knowing what the basis of value was, failed to produce evidence of the cost of production of the merchandise. Upon such a state of facts it is impossible to find the value of the merchandise. I am therefore restoring this reappraisement to the next Rouses Point docket for the purpose of producing proper evidence of the cost of production of the merchandise.

It is so ordered.