## Zigmund Loew c/o Railway Express Agency, Inc. *v.* United States

**No. 5192.**—Invoice dated Montreal, Canada, January 29, 1938.
Certified January 31, 1938.

Entered at Rouses Point, N. Y., January 31, 1938.
Entry No. 2595.

(Decided April 2, 1941)

*John F. Kavanagh* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of a certain assorting machine for crayons, imported from Canada and entered at the port of Rouses Point, N. Y., in January, 1938, at the invoice price of $200. Appraisement was made at $472, which resulted in an advance in value of approximately 136 per centum.

At the first hearing, held at Rouses Point on August 19, 1938, before Keefe, Judge, the plaintiff testified that he had invented said machine; that it was constructed by a Canadian manufacturer according to an original model made and furnished by the plaintiff; that the price paid for the machine was $200. under a written agreement which was admitted in evidence herein as exhibit 1; and that the motor which was shipped with the machine was not included in said price. Bills from the manufacturer to the plaintiff were admitted in evidence as exhibits 2 to 4, inclusive.

The Government offered in evidence the testimony of Ralph J. Chilton, acting appraiser at the port of Rouses Point, who testified that he had appraised the machine in question, together with the motor, at a value of $472 on the basis of the cost of production; and that he had obtained his figures from a special agent's report which was admitted in evidence as exhibit 5.

It appears from said report that the figures enumerated therein were only an estimate, and that they were made up by the manufacturer solely for the purpose of showing the plaintiff that he was obtaining the machine at much less than the actual cost of manufacture.

At the close of the first hearing the case was submitted, and subsequently briefs were filed by counsel for both parties.

On February 24, 1939, the trial judge handed down his decision. (Reap. Dec. 4529, 2 Cust. Ct. 861.) In said decision Judge Keefe said:

It is quite clear that the value found by the appraiser does not represent the cost of materials, and of fabrication, manipulation, or other process employed in the manufacturing or producing of such merchandise, plus the usual general expenses, the cost of containers, and addition for profit, as provided by the statute. All that the appraiser had before him as to the cost of production were hearsay statements of the manufacturer. These statements were accepted by the special agent investigating the matter, when he was well aware that such estimations were not based upon facts. Here we have a machine which existed only in the mind of the inventor. It had never been previously manufactured. The cost of

production of similar machines was not available. The cost of the labor to be expended in its production existed only in the mind of the manufacturer. * * * As stated by counsel for the plaintiff "the manufacturer could just have well made the cost One Thousand Dollars * * * or even as low as Twenty-five * * * Dollars by using what he claimed to be his own alleged costs of manufacture."

From the evidence I am also of the opinion that there is no foreign or export value or United States value for the merchandise, and that the proper basis of appraisement is the cost of production. The appraiser had before him all the elements necessary to make a valid appraisement under section 499. Therefore I find that the appraisement so made was merely erroneous and not illegal and void. * * *

Under the law, it is my duty to determine the value of the merchandise. The appraisement of the local appraiser is clearly erroneous. The importer, not knowing what the basis of value was, failed to produce evidence of the cost of production of the merchandise. Upon such a state of facts it is impossible to find the value of the merchandise. I am therefore restoring this reappraisement to the next Rouses Point docket for the purpose of producing proper evidence of the cost of production of the merchandise.

Pursuant to the foregoing order, the case was restored to the next Rouses Point docket, but subsequently, on May 23, 1939, it was transferred to New York where it came on for hearing on June 20, 1939, before Kincheloe, Judge. Although the case was restored to the docket solely for the purpose of receiving further evidence of the cost of production, nevertheless after a long discussion between counsel the Government was permitted to offer in evidence the testimony of Abraham L. Kamen, president and treasurer of the Globe Crayon Co. He testified that he finally agreed to purchase the machine in question from the plaintiff for $1,200 payable in certain installments, a copy of the contract and other papers in corroboration of his testimony being admitted in evidence as exhibits 6 to 9, inclusive; and that subsequently the machine proved to be defective in operation and therefore worthless for the purpose for which it was designed.

At the close of the hearing the case was retransferred to Rouses Point, and subsequently, on May 21, 1940, it was again transferred to New York by order of the presiding judge.

At the third hearing, held at New York on June 14, 1940, the said Kamen was again called as a witness by the Government for the purpose of showing that Zigmund Loew, the plaintiff herein, although the consignee of the machine in question, was not the real importer.

At the conclusion of the witness' testimony, counsel for the Government moved to dismiss the within appeal on the ground that the statutory conditions had not been complied with by the plaintiff, which motion was taken under advisement.

As has already been noted, this appeal was restored to the docket for the sole purpose of receiving further evidence in regard to the cost of production of the imported machine. The circumstances of the sale by the plaintiff herein, who was both the exporter and the importer,

to a third party in my opinion is irrelevant to the issue here presented; and for this reason the motion of the Government to dismiss the within appeal on the ground that the statutory conditions were not complied with must be and hereby is denied.

At the fourth hearing, held at New York on November 19, 1940, before Kincheloe, Judge, counsel for the Government offered two reports of special agents, which were admitted in evidence as exhibits 10 and 11, respectively, after which the case was finally submitted.

An examination of exhibits 10 and 11 does not disclose any new evidence relative to the cost of production of the imported machine. In fact the following excerpt from exhibit 11 completely corroborates the finding of Judge Keefe in *Zigmund Loew* v. *United States*, Reap. Dec. 4529, 2 Cust. Ct. 861:

Reference is made to previous report from this office relative to the cost of production of one crayon sorting machine, manufactured by the L. DeJean & Co., Ltd., Montreal, P. Q., for the Canadian Wax Products Reg'd., Montreal, P. Q., which machine was subsequently shipped into the United States through Rouses Point, New York, and is now the subject of Reappraisement No. 124831–A.

In this connection you are advised that on June 19th 1940 the writer interviewed Mr. John W. Robinson, Accredited Public Accountant. Mr. Robinson has been engaged by L. DeJean & Co., Ltd., for the past several years to prepare the annual statement of the latter company.

Mr. Robinson states that L. DeJean & Co., Ltd. is a small organization engaged in machine production of various types and machine repairing. The company does not specialize in the production of any particular machine.

It was also learned from Mr. Robinson that due to the size of the organization, *the company does not maintain cost records in sufficient detail to determine the exact cost of each machine,* taking into consideration general overhead expenses, and cannot tell with any degree of certainty the exact profit or loss which accrues to them in the production of any one machine, in view of the fact that there is no set amount or percentage figure which is used as a basis for usual general expense.

Upon the entire record I find the following facts:

1. The so-called crayon assorting machine constituting the imported merchandise at bar is the only machine of its kind ever manufactured.

2. The said machine was manufactured in Canada exclusively for the plaintiff herein from a model supplied by him, for the sum of $200, and was invoiced and entered at that value.

3. No similar machine was freely offered for sale in the Dominion of Canada, the country of exportation, either for home consumption or for export to the United States.

4. No previously imported similar machine was ever sold or freely offered for sale to all purchasers in the United States.

5. There is no proper evidence of the cost of production of the machine in question as such cost is defined in section 402 (f) of the Tariff Act of 1930.

Upon these facts counsel for the plaintiff in both his main and supplemental briefs filed herein contends that the appraised value based on the alleged cost of production, but which does not in any way conform to the definition of said value as set forth in said section 402 (f), is illegal and therefore null and void, and that therefore this court should find the entered value to be the dutiable value of the merchandise. While, in view of all the circumstances, this may appear to be the fair and just conclusion to be reached herein, unfortunately it is not the law.

While this court and the appellate court have held appraisements to be null and void where no samples were present or where less than the statutory number of packages were designated by the collector and examined by the appraiser, on the ground that such provisions were mandatory, nevertheless a distinction has been made between a "void" and an "erroneous" appraisement. See concurring opinion of Judge Keefe in *Mitsubishi Shoji Kaisha, Ltd.* v. *United States*, Reap. Dec. 4570, 2 Cust. Ct. 935, at page 942.

Moreover, it has been repeatedly held by the United States Court of Customs and Patent Appeals that it is incumbent upon the party bringing the appeal to reappraisement to meet every material issue involved in the case, and that if he fails to do so his appeal is subject to dismissal by the trial judge, in which event the appraised value must be held to be in full force and effect. *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 398, T. D. 43120.

In the more recent case of *J. H. Cottman & Co.* v. *United States*, 20 C. C. P. A. 344, T. D. 46114, where there was no foreign, export, or United States value of certain rock phosphate, and where, on account of a French Government monopoly, cost of production could not be proved in the manner set forth in section 206 of the Antidumping Act of 1921, the United States Court of Customs and Patent Appeals said:

As a result of these considerations we arrive at the conclusion that the court below did not err in finding that neither foreign-market value nor cost of production is shown by the record, and we agree with the conclusion of Judge Cline that the appeal to reappraisement might well have been dismissed by the trial judge.

Under the decisions of our appellate court, in the instant case as in every appeal to reappraisement, the burden of proof rests upon the plaintiff first to establish that the value found by the appraiser is erroneous, and, secondly, to show that some other value is the dutiable value of the merchandise. In the present appeal it is manifest on the record that it is impossible for the importer or anyone else to prove the cost of production of the machine at bar as provided by statute.

This member of the court has long been of the opinion that the basis of cost of production ought not in reason and justice to apply in determining the value of an article which is the only one of its kind ever manufactured, imported, or in existence. My views on this question were expressed at length in the case of *Egry Register Co.* v. *United States,* Reap. Dec. 4690, 3 Cust. Ct. 656, my conclusion there reached being reiterated in my dissenting opinion in the analogous case of *United States* v. *Automatic Totalisators, Inc.,* Reap. Dec. 5063, decided December 9, 1940, in which decision Brown, Judge, was reversed by the Second Division of this court. My said decision in *Egry Register Co.* v. *United States, supra,* was reversed by the Third Division, sitting in review, in *United States* v. *Egry Register Co.,* Reap. Dec. 5035, decided October 18, 1940. In my decision I was and I still am strongly of the opinion that the purchase price of the article was the dutiable value thereof, and I feel the same way in regard to the machine in the instant case. Inasmuch, however, as our appellate court has ruled that where the appellant has not proved cost of production in accordance with the requirements set forth in section 402 (f) of the Tariff Act of 1930, even though the facts necessary for such proof are not in existence, nevertheless his failure to prove the impossible must result in a dismissal of his appeal, in which case the appraised value, although erroneous and in my opinion illegal, must prevail.

Therefore the within appeal must be, and hereby is, dismissed, and judgment will be rendered accordingly.